IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VICENTE CAMACHO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:14-CV-562-JRG |
| | § | |
| TYSON FOODS, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Tyson Foods Inc.'s Motion to Suppress Deposition, For Sanctions to Disqualify Plaintiff Vicente Camacho's Counsel, For Other Sanctions and Request for Oral Hearing (Dkt. No. 15, filed August 26, 2014.) The Court held a hearing on Defendant's Motion on November 3, 2014. As part of that hearing, the Court ordered supplemental briefing by both parties. Those supplements are also before the Court: (Dkt. No. 31, filed November 7, 2014) (hereinafter "Plaintiff's Supplement") and (Dkt. No. 33, filed November 12, 2014) (hereinafter "Defendant's Supplement"). For the reasons set forth below, Defendant's motion is **DENIED**.

## ANALYSIS

Defendant asserts that Plaintiff should be sanctioned for taking the deposition of a Mr. Jeremy Moore—Tyson's Center, Texas Complex Safety Manager—which occurred, prior to the filing of this case, under Texas state law. Defendant argues that the Court should sanction Plaintiff's counsel either under its inherent authority or under Federal Rules of Civil Procedure 11, 32(a), and 27 for the deposition of Mr. Moore, which Defendant alleges was improper under Texas Rule of Civil Procedure 202. Defendant specifically requests that the disposition be

suppressed (along with "any and all evidence obtained through . . . the deposition"); that Plaintiff's counsel be disqualified; and that Plaintiff's counsel pay both a fine and Defendant's legal fees. Plaintiff responds that its conduct was proper under Texas law and that this Court lacks subject-matter jurisdiction to issue the requested relief, since the disputed conduct occurred under Texas state law prior to the filing of this suit. The Court will address these issues in turn.

1. **Plaintiff's Pre-Suit Deposition of Mr. Jeremy Moore**

The Court believes that the following timeline of events is helpful to understanding the Motion:

- April 5, 2013 – Plaintiff files an action in the 273rd Texas District Court in Shelby County, Texas (hereinafter "Texas Action") (Mot. at 2.);
- April 15, 2013 – Defendant responds to the Texas Action (Mot. at 2.);
- April 23, 2013 – Plaintiff nonsuits the Texas Action (Mot. at 3.);
- April 26, 2013 – Plaintiff's counsel discusses a Texas Rule of Civil Procedure 202 deposition with Defendant's Counsel (Mot. at 3.);
- May 17, 2013 – Plaintiff sends a written request to Tyson, Inc. for documents and information (Mot. at 3.);
- May 21, 2013 – Defendant's counsel requests that all communications to Tyson should be sent to Defendant's counsel and not directly to Tyson (Mot. at 4.);
- May 28, 2013 – Plaintiff forwards the written request that was sent to Tyson to Defendant's counsel (Mot. at 4.);
- November 12, 2013 – Plaintiff's counsel requests documents and information from Defendant's counsel by phone and Defendant's counsel states that such a request must be in writing (Mot. at 4.);

- January 27, 2014 – Plaintiff files a Verified Petition to take Deposition Before Suit with the Texas state court seeking to depose Mr. Moore and/or Tyson's safety manager (Mot. at 4.);

- January 30, 2014 – Plaintiff's counsel calls Defendant's counsel regarding the Verified Petition with the Texas state court, and Defendant's counsel indicates that he would not accept service on behalf of Tyson or its employees (Mot. at 5.);

- January 30, 2014 – Defendant's counsel contacts Mr. Moore (by phone and e-mail) regarding the Rule 202 petition, telling him "that he may be served with papers in the near future and to let [Defendant's counsel] know if he was," and Mr. Moore acknowledges Defendant's counsel's communications (Mot. at 5, Mot. at Ex. G.);

- February 3, 2014 – Mr. Moore is served with the Rule 202 petition both by certified mail and by hand delivered copy, and Mr. Moore does not inform Tyson's attorneys of the service (Mot. at Ex. I.);

- February 13, 2014 – Plaintiff's counsel files letters with the clerk of the Texas state court showing service on Mr. Moore and copying Tyson's counsel; however, inaccurately showing Tyson's counsel's address (with an incorrect floor number—17 instead of 37) and fax number (with an incorrect area code—713 instead of 214) (Mot. at Ex. J.);

- February 21, 2014 – The 273rd Texas District Court in Shelby County conducts a hearing on the Rule 202 petition, which Mr. Moore personally attends alone and without counsel, and the Texas state court orders that the 202 deposition may go forward (Mot. at 6.);

- March 3, 2014 – The deposition of Mr. Moore takes place in Center, Texas without Defendant's counsel being present (Mot. at 7);

- March 18, 2014 – Defendant's counsel allegedly receives copy of Mr. Moore's deposition (Resp. at 4.);

- April 28, 2014 – The above captioned suit is filed (Dkt. No. 1.);

- August 7, 2014 – The Court holds the scheduling conference in this case, where Plaintiff's counsel asks questions of this Court regarding time to be charged for Mr. Moore's pre-suit deposition, and Defendant's counsel, though present, makes no comment as to previously taken 202 deposition;

- August 21, 2014 – The appeal deadline passes with the Texas court (Resp. at 4.); and

- August 26, 2014 – Motion to Suppress Deposition, For Sanctions to Disqualify Plaintiff Vicente Camacho's Counsel, For Other Sanctions and Request for Oral Hearing filed is filed before this Court (Mot.).

Having reviewed the record before the Court, including a review of the March 3, 2014 deposition transcript, the Court does not find any material evidence that Plaintiff's counsel acted in bad faith or in a misleading way. The errors in the letter of February 13, 2014 appear to be unintended typographical errors of the most common variety. To the extent that any one person appears to be at fault, it is Mr. Jeremy Moore. Tyson's counsel asked Mr. Moore to provide notice if and when Mr. Moore was served with a Rule 202 petition. Mr. Moore agreed that he would provide such notice. Mr. Moore clearly failed to provide such notice on three separate occasions. First, when Mr. Moore was served, he never informed Tyson's counsel, apparently "[b]elieving Tyson's counsel had also been provided a copy of the notice." (Mot. at Ex. I.)

Second, when Mr. Moore attended a February 21, 2014 hearing in Texas State Court and noticed that Tyson's counsel was not present, he again failed to contact Tyson's counsel. (*Id.*) Finally, Mr. Moore gave his deposition on March 3, 2014, noticed that Tyson's counsel was not present, and again, Mr. Moore failed to contact Tyson's counsel. (*Id.*)

Defendant's counsel attempts to shift the blame for Mr. Moore's. Defendant's theory appears to be that Plaintiff's counsel should, after noticing that Defendant's counsel was not present (at the Rule 202 hearing or at Mr. Moore's deposition), have ceased the proceedings and initiated an affirmative inquiry into why Defendant's counsel was not present. The Court inquired into this issue at its November 3, 2014 hearing, and Plaintiff's counsel provided an explanation that the Court found to be credible: Plaintiff's counsel had formed a genuine belief—based on conduct of Tyson's counsel (e.g. refusing service for Mr. Moore)—that Tyson's counsel would not be involved in the Rule 202 proceedings. Plaintiff's counsel represented that there had been surprise at each instance when Mr. Moore arrived without counsel, but Plaintiff's counsel genuinely believed this was Tyson's strategy or that Tyson was covered by some indemnity provision that caused Tyson to feel no compulsion to attend. The Court finds that Plaintiff's explanation is borne out by the record. Further, Plaintiff's questions and Mr. Moore's answers at his deposition show no unique "smoking gun" or reveal any efforts on Plaintiff's part other than to develop and explore typical fact issues, as is common deposition practice.

Though the Court does not find impropriety on the part of Plaintiff's counsel, the Court is nonetheless concerned that Mr. Moore was not represented by counsel at his deposition. Accordingly, Court therefore **ORDERS** that Mr. Moore be re-deposed, if he has not already

been.[1]  Mr. Moore's cavalier attitude toward the legal system should not unfairly harm his employer.  To the extent that the second deposition does not exceed the length of the first, Plaintiff will not be charged with any additional time.  While the Court's clear preference would be to use Mr. Moore's second deposition going forward, the Court will consider Mr. Moore's first deposition to the extent that it differs materially from his second.  Consequently, pending the second deposition of Mr. Moore, the Court carries the motion to suppresses the first deposition at this time.

**2. The Court's Jurisdiction to Sanction Pre-Suit State Court Proceedings**

As the Court finds that Plaintiff's counsel's conduct was not improper, the Court need not reach whether or not the Court has the jurisdiction to sanction the conduct at issue.  Sanctions are not appropriate under these facts.

**CONCLUSION**

Defendant's Motion to Suppress Deposition, For Sanctions to Disqualify Plaintiff Vicente Camacho's Counsel, For Other Sanctions and Request for Oral Hearing (Dkt. No. 15) is hereby **DENIED** for the reasons set forth above.  The Court also **ORDERS** that Mr. Moore be re-deposed, if he has not already been.

---

[1] At the Court's November 3, 2014 hearing, Plaintiff's counsel represented that Plaintiff had offered to re-depose Mr. Moore with Defendant's counsel present.

**So ORDERED and SIGNED this 19th day of December, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE