IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS  MARSHALL DIVISION

VICENTE CAMACHO                    §
                                   §
VS.                                §    CIVIL ACTION NO. 2:14-CV-562-JRG
                                   §
TYSON FOODS, INC. and              §
TYSON FARMS, INC.                  §

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

TO THE HONORABLE JUDGE OF SAID COURT:

   Plaintiff and Defendants, pursuant to the Court's Order Regarding the Parties'
Proposed  Jury Instructions and Verdict Form, submit the following Joint Proposed Jury
Instructions and Joint Proposed Form of the Verdict. Where the  parties  disagree on
the  form  or  substance  of  the  proposed verdict form, Plaintiff has set out  their
proposed language using *italicized text*, and Defendants have set out their proposed
language using underlined text.  All parties reserve the right to object to and/or request
additional questions.


                         Respectfully submitted,

                         /s/ *Jeff B. Badders*
                         Jeff B. Badders
                         State Bar No. 01496850
                         Badders Law Firm, PC
                         4002 North Street
                         Nacogdoches, Texas 75965
                         badders@badderslaw.com
                         (936) 564-6181 Phone
                         (936) 564-8095 Fax

J. Chad Parker
State Bar No. 00786153
The Parker Firm
3808 Old Jacksonville Road
Tyler, Texas  75702
cparker@theparkerfirm.net
903.595.4541
903.595.2864

Attorneys for Plaintiff

/s/ Kevin P. Riley
Zach T. Mayer
Attorney in Charge
State Bar No. 24013118
Brian J. Fisher
State Bar No. 24032178
1601 Elm Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 777-4200
Facsimile: (214) 777-4299
zmayer@krcl.com
bfisher@krcl.com

Kevin P. Riley
State Bar No. 16929100
919 Milam Street, Suite 2200
Houston, Texas 77002
Telephone: (713) 425-7400
Facsimile: (713) 425-7700
kriley@krcl.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2015 I served on opposing counsel a copy of these Joint Jury Instructions in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Docket Control Order in this case.

/s/ Jeff B. Badders

**CERTIFICATE OF CONFERENCE**

The Parties have conferred on the language of proposed Joint Jury Instructions in good faith and were able to reach agreement on many points. Each side has a good faith basis for disagreement with some of the proposed language. In cases where a good faith disagreement exists, the parties have identified their proposed language in italics (Plaintiff) and underlined text (Defendants) for the Court's consideration.

*/s/ Jeff B. Badders*

**JOINT PROPOSED JURY INSTRUCTIONS**

**COURT'S INSTRUCTION NO.**     

**PRELIMINARY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons

associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

In this case, the plaintiff must prove every essential part of her claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

It is now time for the opening statements.

## GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

## PREPONDERANCE OF THE EVIDENCE

Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. Preponderance of the evidence means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

In this case, the plaintiff must prove every essential part of her claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

## CONSIDERATION OF THE EVIDENCE

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

In determining the weight to give to the testimony of a witness, you should ask

yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memry; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

*LADIES AND GENTLEMEN OF THE JURY:*

*You have heard the evidence presented by the parties to this suit and the argument of the respective attorneys in support of their positions. It is now my duty to give you the charge in this case. It will be an oral charge and is given in an effort to assist you in your deliberation in deciding the issues which you must decide in order to reach a fair and impartial verdict in this case. Perhaps this function of the Court is the most important one that the Court performs in the trial of a case, so I ask you to pay close attention to my remarks.*

*You will remember that at the beginning of this trial I gave you some general instructions and definitions. Rather than repeat all of them, I ask you to recall them now in deciding the facts and issues which you are to decide.*

*You are to perform your duty without bias or prejudice to any party. The law does not permit jurors to be governed by sympathy or prejudice. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. The Court and the parties expect that you will carefully and impartially consider all of the evidence, follow the law as I will give it to you, and reach a jury verdict.*

*You are instructed that all persons, including the Plaintiff and the Defendants in this case, stand equal before the law, and are to be dealt with as equals in this Court. The law is no respecter of persons.*

*I will now briefly review the contentions of the parties and give you some additional instructions and definitions that will guide you in deciding the issues or facts that you must resolve in this case.*

## PLAINTIFF'S CONTENTIONS

The Plaintiff, VICENTE CAMACHO contends that on August 4, 2012, he was working at the TYSON FOODS, INC plant when he was struck about the about the head and face by a water hose nozzle, handle and high pressure water, causing severe injuries to both his eyes which caused permanent blindness to both eyes. At the time of the incident, it is undisputed that a medium pressure hose was connected to a high pressure line.

Plaintiff contends that Tyson Foods, Inc., as the owner of the Center Complex, was negligent because conditions in the Center Complex posed an unreasonable risk of harm, and Tyson Foods, Inc. knew or reasonably should have known of the danger, and Tyson Foods, Inc. failed to exercise ordinary care to protect Vicente Camacho from the danger, by both failing to adequately warn Vicente Camacho of the condition and failing to make the condition reasonably safe.

Plaintiff contends that Tyson Farms, Inc. was negligent because it failed to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

Plaintiff contends that the negligence of Tyson Foods, Inc. and/or Tyson Farms, Inc. were the proximate cause of Plaintiff's injuries and damages.

Plaintiff contends that he was not negligent with respect to the occurrence at issue.

As a result of this incident, VICENTE CAMACHO sustained severe injuries and damages including medical bills, past and future; past lost wages and loss of earning capacity in the future; physical pain, suffering and mental  anguish, both past and future; physical impairment, both past and future; and, physical disfigurement both past and future.

Plaintiff contends that the acts or omissions of Tyson Foods, Inc. and/or Tyson Farms, Inc. constituted gross negligence and entitles Plaintiff to exemplary damages.

### DEFENDANT'S CONTENTIONS

**COURT'S INSTRUCTION NO.** ___

## DEPOSITION TESTIMONY

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. The questions and answers were read or shown to you. This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.

**COURT'S INSTRUCTION NO.**

## DEFINITIONS

"Plaintiff" means Vicente Camacho.

"Defendant" means Tyson Farms, Inc.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Preponderance of the Evidence."  In this case, the Plaintiff must prove every essential part of her claim by a preponderance of the evidence.  A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.  In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

"Proximate cause" means a cause that was a substantial factor in bringing about an event,  and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be  more than one proximate cause of an event.

## DEFINITIONS

I will now give you some definitions to help you in answering the questions to follow:

"PREPONDERANCE OF THE EVIDENCE" means the greater weight and degree of credible evidence.

"CLEAR AND CONVINCING EVIDENCE" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Other definitions that you will follow in answering questions and rendering your verdict will be provided for you in each question below that you will be asked to give an answer.

**COURT'S INSTRUCTION NO.**

## CALCULATION OF PAST AND FUTURE DAMAGES

A.      Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B.      Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

C.      Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.  If you award damages for loss of future earnings, you must consider two particular factors:

1.      You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2.      If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment.

The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future. If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.  However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

### DAMAGE INSTRUCTIONS

I will now instruct you as to the calculation of damages should you find that the Plaintiff has met his burden on his claim. If the Plaintiff has proven his claim against the Defendants by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about Plaintiff's damages, if any, as an indication in any way that I believe that the Plaintiff should, or should not win this case. It is your task first to decide whether the Defendants are liable. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with my other instructions.

### COMPENSATORY DAMAGES

If you find the Defendants are liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for Plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages - what the law calls compensatory damages –that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the Plaintiff whole, or to restore him to the position he would have been if the Defendants were not negligent.

If you find that the Defendants are liable, you may award the Plaintiff money damages. Should you award money damages, you will consider the following elements of actual damage, if any, and none other:

### A. Physical pain and Mental Anguish

VICENTE CAMACHO may recover for the physical pain and mental anguish he experienced in the past and in reasonable probability, will experience in the future as a result of the collision in question. No evidence of the value of intangible things, such as physical pain or mental anguish need to be introduced. You are not trying to determine value, but an amount that will fairly compensate. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence.

### B. Medical Care

VICENTE CAMACHO may recover for medical expenses he incurred in the past and that he, in all reasonable probability, will sustain in the future as a result of the collision in question. You will be asked to determine the amount of medical expenses in the past and which, in reasonable probability, will be incurred by VICENTE CAMACHO in the future.

### C. Earning Capacity

VICENTE CAMACHO may recover for loss of earning capacity in the past and in reasonable probability will be incurred in the future. You will be asked to determine the amount of lost earning capacity in the past and in reasonable probability, will be incurred in the future by VICENTE CAMACHO.

### D. Physical Impairment

VICENTE CAMACHO may recover for physical impairment he has suffered in the past and, in reasonable probability will sustain in the future, as a result of the collision in

question. You will be asked to determine the amount for physical impairment in the past and in reasonable probability will be incurred in the future by VICENTE CAMACHO.

**E. Physical Disfigurement**

VICENTE CAMACHO may recover for physical disfigurement that he has suffered in the past and, in reasonable probability will sustain in the future as a result of the collision in question. You will be asked to determine the amount for physical disfigurement in the past and in reasonable probability will be incurred in the future by VICENTE CAMACHO. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence.

You are not permitted to award speculative damages; therefore, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably probable to occur in the future.

PUNITIVE DAMAGES

You are instructed that in addition to damages to compensate Plaintiff for his losses, under certain circumstances you may also award Plaintiff punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for shocking misconduct and to warn others against engaging in similar conduct in the future.

If you determine that Defendant Tyson Foods, Inc. and/or Tyson Farms, Inc's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.

You may award punitive damages against Defendant Tyson Foods, Inc. and/or Tyson Farms, Inc if Plaintiff has proven by clear and convincing evidence that Tyson

*Foods, Inc. and/or Tyson Farms, Inc. committed gross negligence through the actions or inactions of one in whom Tyson Foods, Inc. and/or Tyson Farms, Inc. has confided authority to employ, direct, and discharge employees OR through the actions or inactions of one in whom Tyson Foods, Inc. and/or Tyson Farms, Inc. has confided the management of the whole or a department or division of the business.*

*In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish Defendant Tyson Foods, Inc. and/or Tyson Farms, Inc for shocking conduct, and to deter Defendant Tyson Foods, Inc. and/or Tyson Farms, Inc and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages. You may consider the financial resources of Defendant Tyson Foods, Inc. and/or Tyson Farms, Inc. in fixing the amount of punitive damages, if any.*

**COURT'S INSTRUCTION NO.**


## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**COURT'S INSTRUCTION NO.**

## DELIBERATIONS

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Do not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

When you retire to the jury room to deliberate on your verdict, you may take these instructions and the exhibits which the Court has admitted into evidence with you. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the court security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

## *DELIBERATIONS*

*These instructions are given to you as a whole, and you are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You have heard all of the evidence in the case and you have heard the argument of counsel. The Court has given you the charge in this case. In a few moments you will retire to the jury room, select one of your members to act as foreperson, and begin performing the function for which you have been chosen and for which you have been empaneled, in accordance with the oath you took as jurors. You will remember that at the beginning of the trial, the Court admonished you not to discuss the case with each other until it was submitted to you.*

***Now is the time for you to begin your discussion**, and you certainly may express an opinion from the evidence that you have heard and use any reasonable means to persuade other members of the jury to your convictions and to your honest opinion. You are to reach a verdict which speaks the truth, and which does justice to all parties without favor, bias, or prejudice in any particular, either for or against any party to this lawsuit. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion if convinced it is erroneous. But, do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.*

***The verdict must represent the considered judgment of each juror**. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. As soon as you have reached a verdict, you will let this fact be known to the Security Officer who will be waiting upon you and he will report to the Court.*

Your verdict will be in the form of Questions for you to answer. You will take these Questions to the jury room, and when you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form and then advise the Security Officer that you have reached a verdict. During your deliberations you may have any of the exhibits that have been offered into evidence, and the Court will send them to you upon written request. If you desire further instructions, your foreperson may make this known in writing, and the Court will try to comply with your wishes. All communications with the Court must be in writing, but at no time should you indicate to the Court or to anyone else how the jury is divided in answering any particular Question. Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror concerning the testimony.

# JOINT PROPOSED VERDICT FORM

## QUESTION 1:

Did the negligence, if any, of TYSON FARMS, INC. proximately cause the occurrence in question?

With respect to the condition of the premises, TYSON FARMS, INC. was negligent if—

    a.    the condition posed an unreasonable risk of harm, and

    b.    TYSON FARMS, INC. knew or reasonably should have known of the danger, and

    c.    TYSON FARMS, INC. failed to exercise ordinary care to protect VICENTE CAMACHO from the danger, by both failing to adequately warn VICENTE CAMACHO of the condition and failing to make that condition reasonably safe.

"Ordinary care," when used with respect to the conduct of TYSON FARMS, INC. as an owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

Answer "Yes" or "No": _____

*Unless otherwise instructed, answer the following from a preponderance of the evidence:*

### Question 1:

*Did the negligence, if any, of those named below proximately cause the injury in question?*

*With respect to the condition of the premises, Tyson Foods, Inc. was negligent if—*

    1.    *the condition posed an unreasonable risk of harm, and*

    2.    *Tyson Foods, Inc. knew or reasonably should have known of the danger, and*

    3.    *Tyson Foods, Inc. failed to exercise ordinary care to protect Vicente Camacho from the danger, by both failing to adequately warn Vicente Camacho of the condition and failing to make the condition reasonably safe.*

*"Ordinary care," when used with respect to the conduct of Tyson Foods, Inc. as an owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.*

*"Negligence," when used with respect to the conduct of Tyson Farms, Inc, QSI, and Vicente Camacho, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.*

*"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.*

*Answer "Yes" or "No" for each of the following:*

      *a.*     *Tyson Foods, Inc.*         _____

      *b.*     *Tyson Farms, Inc.*         _____

      *c.*     *QSI*         _____

      *d.*     *Vicente Camacho*         _____

**QUESTION 2:**

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

       1.  VICENTE CAMACHO_____

       2.  QSI_____

*If you answered "Yes" to Question No. 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question*

*Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.*

**Question 2:**

*For each person or entity that you found caused or contributed to cause the injury, find the percentage of responsibility attributable to each:*

| | | |
|---|---|---|
| a. | *Tyson Foods, Inc.* | _____ % |
| b. | *Tyson Farms, Inc.* | _____ % |
| c. | *QSI* | _____ % |
| d. | *Vicente Camacho* | _____ % |
| | | |
| | *Total* | _____ *100* % |

If you answered "Yes" to Question Number 1 or Question Number 2, for more than one of those named below, then answer the following question. Otherwise do not answer the following question.

**QUESTION 3:**

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

1.      VICENTE CAMACHO                                          %

2.      TYSON FARMS, INC.                                        %

3.      QSI                                                      %

TOTAL                                                    100     %

*Answer Question No. 3 if you answered "Yes" for any of Tyson Foods, Inc.,*

*Tyson Farms, Inc. or QSI to Question No. 1 and answered:*

> *1.       "No" for Vicente Camacho to Question No. 1, or*

> *2.       50 percent or less for Vicente Camacho to Question No. 2.*

*Otherwise, do not answer Question No. 3*

### Question 3:

*What sum of money, if paid now in cash, would fairly and reasonably compensate Vicente Camacho for his injuries, if any, that resulted from the occurrence in question?*

*Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.*

*Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated, accelerated or excited by any injuries that resulted from the occurrence in question.*

*a.       Medical care expenses incurred in the past.*

   *Answer: _____*

*b.       Medical care expenses that, in reasonable probability, Vicente Camacho will incur in the future.*

   *Answer: _____*

*c.       Physical pain and mental anguish sustained in the past.*

   *Answer: _____*

*d.       Physical pain and mental anguish that, in reasonable probability, Vicente Camacho will sustain in the future.*

   *Answer: _____*

e.    *Physical impairment sustained in the past.*

       *Answer: _____*

f.    *Physical impairment that, in reasonable probability, Vicente Camacho will sustain in the future.*

       *Answer: _____*

g.    *Disfigurement sustained in the past.*

       *Answer: _____*

h.    *Disfigurement that, in reasonable probability, Vicente Camacho will sustain in the future.*

       *Answer: _____*

i.    *Loss of earning capacity sustained in the past.*

       *Answer: _____*

j.    *Loss of earning capacity that, in reasonably probability, Vicente Camacho will sustain in the future.*

**QUESTION 4:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Vicente Camacho for his damages, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Vicente Camacho. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

1.    Medical expenses incurred in the past for injuries caused as a result of the occurrence in question: _____

2.    Medical expenses that will be incurred in future for injuries caused as a result of the occurrence in question: _____

3.    Loss of earning capacity in the past caused injuries sustained as a result of the occurrence in question: _____

4.    Future loss of earning capacity caused by injuries sustained as a result of the occurrence in question: _____

5.    Physical impairment in the past caused by injuries sustained as a result of the occurrence in question: _____

6.    Physical impairment in the future caused by injuries sustained as a result of the occurrence in question: _____

7.    Pain and suffering in the past caused by injuries sustained as a result of the occurrence in question: _____

8.    Pain and suffering in the future caused by injuries sustained as a result of the occurrence in question: _____

9.    Mental anguish and emotional distress in the past caused by injuries sustained as a result of the occurrence in question: _____

10.    Mental anguish and emotional distress in the future caused by injuries

sustained as a result of the occurrence in question: _____

      11.    Disfigurement in the past caused by injuries sustained as a result of the occurrence in question: _____

      12.    Disfigurement in the future caused by injuries sustained as a result of the occurrence in question: _____

*Answer the following question regarding Tyson Foods, Inc. only if you unanimously answered "Yes" to Question 1 regarding Tyson Foods, Inc. Otherwise, do not answer the following question regarding Tyson Farms, Inc.*

*To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.*

**Question 4:**

*Do you find by clear and convincing evidence that the harm to Vicente Camacho resulted from gross negligence?*

*Tyson Foods, Inc. is liable if it commits gross negligence through the actions or inactions of one in whom Tyson Foods, Inc. has confided authority to employ, direct, and discharge employees.*

*Tyson Foods, Inc. is liable if it commits gross negligence through the actions or inactions of one in whom Tyson Foods, Inc. has confided the management of the whole or a department or division of the business.*

*"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.*

*"Gross negligence" means an act or omission by one in whom Tyson Foods, Inc. has confided authority to employ, direct, and discharge employees,*

    *1.    which when viewed objectively from the standpoint of that person at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and*

    *2.    of which  that person has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.*

*Answer "Yes" or "No."*

*Answer: _____*

*"Gross negligence" means an act or omission by one in whom Tyson Foods, Inc. has confided the management of the whole or a department or division of the business,*

    *1.    which when viewed objectively from the standpoint of that person at*

the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

       2.      of which  that person has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____


Answer the following question regarding Tyson Farms, Inc. only if you unanimously answered "Yes" to Question 1 regarding Tyson Farms, Inc. Otherwise, do not answer the following question regarding Tyson Farms, Inc.

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

## Question 5:

Do you find by clear and convincing evidence that the harm to Vicente Camacho resulted from gross negligence?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Tyson Farms, Inc. is liable if it commits gross negligence through the actions or inactions of one in whom Tyson Farms, Inc. has confided authority to employ, direct, and discharge employees.

Tyson Farms, Inc. is liable if it commits gross negligence through the actions or inactions of one in whom Tyson Farms, Inc. has confided the management of the whole or a department or division of the business.

"Gross negligence" means an act or omission by one in whom Tyson Farms, Inc. has confided authority to employ, direct, and discharge employees,

       1.      which when viewed objectively from the standpoint of that person at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

     2.      of which that person has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Answer "Yes" or "No."*

*Answer: _____*

"Gross negligence" means an act or omission by one in whom Tyson Farms, Inc. has confided the management of the whole or a department or division of the business,

     1.      which when viewed objectively from the standpoint of that person at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

     2.      of which that person has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Answer "Yes" or "No."*

*Answer: _____*

If you answered "Yes" to Question 4, then answer the following question. Otherwise, do not answer the following question.

## Question 6:

What sum of money, if any, should be assessed against Tyson Foods, Inc. and awarded to Vicente Camacho as exemplary damages for the conduct found in response to Question 4?

"Exemplary damages" means an amount that you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount that you may have found as actual damages.

Factors to consider in awarding exemplary damages, if any, are—

     1.      The nature of the wrong.

     2.      The character of the conduct involved.

     3.      The degree of culpability of the wrongdoer.

4.     The situation and sensibilities of the parties concerned.

5.     The extent to which such conduct offends a public sense of justice and propriety.

Answer in dollars and cents, if any.

Answer: _____


If you answered "Yes" to Question 5, then answer the following question. Otherwise, do not answer the following question.


**Question 7:**

What sum of money, if any, should be assessed against Tyson Farms, Inc. and awarded to Vicente Camacho as exemplary damages for the conduct found in response to Question 5?

"Exemplary damages" means an amount that you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount that you may have found as actual damages.

Factors to consider in awarding exemplary damages, if any, are—

1.     The nature of the wrong.

2.     The character of the conduct involved.

3.     The degree of culpability of the wrongdoer.

4.     The situation and sensibilities of the parties concerned.

5.     The extent to which such conduct offends a public sense of justice and propriety.

Answer in dollars and cents, if any.

Answer: _____

## VERDICT CERTIFICATE AS TO QUESTIONS

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return into court as our Verdict.

## CHECK ONE:

_____ Our verdict is unanimous. All Twelve (12) of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.

**_____**          **_____**
**SIGNATURE OF PRESIDING JUROR**               **PRINTED NAME OF PRESIDING JUROR**


_____ Our verdict is <u>not</u> unanimous. Ten(10) of us have agreed to each and every answer and signed the certificate below.


Juror's signatures                              Juror's Printed Names

1._____          _____

2._____          _____

3._____          _____

4._____          _____

5._____          _____

6._____          _____

7._____          _____

8._____          _____

9._____          _____

10._____          _____

### VERDICT CERTIFICATE AS TO QUESTIONS 1, 4, & 6

      *We, the jury, have answered the above and foregoing questions 1, 4 & 6 as it pertains to Tyson Foods, Inc. as herein indicated, and herewith return into court as our Verdict.*

**CHECK ONE:**

_____ *Our verdict is unanimous. All Twelve (12) of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.*

_____      _____
**SIGNATURE OF PRESIDING JUROR**            **PRINTED NAME OF PRESIDING JUROR**

### *VERDICT CERTIFICATE AS TO QUESTIONS 1, 5, & 7*

*We, the jury, have answered the above and foregoing questions 1, 5, & 7 as it pertains to Tyson Farms, Inc. as herein indicated, and herewith return into court as our Verdict.*

**CHECK ONE:**

_____ *Our verdict is unanimous. All Twelve (12) of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.*

| | |
|---|---|
| **SIGNATURE OF PRESIDING JUROR** | **PRINTED NAME OF PRESIDING JUROR** |