IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
TEXAS MARSHALL DIVISION

| VICENTE CAMACHO | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-562-JRG |
| | § | |
| TYSON FOODS, INC. and | § | |
| TYSON FARMS, INC. | § | |

**PLAINTIFF'S MOTION IN LIMINE**

Before the voir dire examination of the jury panel, Plaintiff, VICENTE CAMACHO makes this Motion in Limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendants, TYSON FOODS, INC. and TYSON FARMS, INC. inject these matters into the trial of this case through a party, an attorney, or a witness, Defendants will cause irreparable harm to Plaintiff's case, which no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff urges this motion in limine.

**A. GROUNDS**

Plaintiff asks the Court to prohibit defendants from offering any of this evidence without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the evidence.

1. Any evidence, statement, or argument regarding settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* Fed.R. Evid. 408; *Affiliated Mfrs., Inc. Aluminum Co.,* 56 F.3d 521, 526-30 (3d Cir. 1995).

   AGREED:　　　　　　　　　YES　　　　　　　　　　　　　　NO

2. Any evidence, statement, or argument that Plaintiff or witness was convicted of a felony or crime of moral turpitude, if any exists, because same has not been disclosed by the Defendants to Plaintiff in pre-trial discovery. The probative value of admitting evidence of this conviction does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a); *U.S. v. Carter,* 528F 2d 844,846 (8th Cir. 1975).

   AGREED:              YES              NO

3. Any evidence, statement, or argument regarding Plaintiff's prior work history, other than, the rate of pay that he received, and job description while working for that employer. *See* Fed. R. Evid. 401, 403, 404.

   AGREED:              YES              NO

4. Any evidence, statement, or argument that Plaintiff was "fired" or "terminated" from any employment, if any. *See* Fed. R. Evid. 401, 403, 404, 802.

   AGREED:              YES              NO

5. Any evidence, statement or argument that QSI failed to verify Plaintiff's ability to work in the United States prior to or at any time during his employment. This includes, but is not limited to any reference to that portion of the Sanitation Service Agreement pertaining to QSI's agreement to verify its employees' or contractors' ability to work in the United States or relating to same. Fed. R. Evid. 401, 403, 608(b); *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010)

   AGREED:              YES              NO

6. Any evidence, statement or argument that attempts to impeach Plaintiff regarding his immigration status. Fed. R. Evid. 401, 403, 608(b); *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010)

   AGREED:              YES              NO

7. Any evidence by experts who were not identified as testifying experts in Defendants' Initial or Additional Disclosures or supplements thereto, and not designated by the time set forth in the pretrial order or local rule. *Coastal Fuels, Inc. V. Caribbean Pet. Corp.,* 79 F.3d 182, 202-03 (1st Cir. 1996); *Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 738-41 (3d Cir. 1944). *Alldread v. City of Grenada,* 988 F.2d 1425, 1435-36 (5th Cir. 1993).

   AGREED:              YES              NO

8. Any evidence, statement or argument referring to evidence that Plaintiff requested from Defendants or was otherwise subject to disclosure by Defendants under Fed. R. Civ. P. 26, the Court's Discovery Order, Court's Scheduling Order, or Eastern District Local Rules, but that Defendants failed to produce in compliance therewith. *See* Fed. R. Civ. P. 26; Fed.

R. Evid. Court's Scheduling Order and Local Rules.

AGREED:              YES              NO

9. Any evidence, statement, or argument that Plaintiff has not filed income tax returns, if any. Such matters are entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See* Fed. R. Evid 401, 403, violates Plaintiff's right to Privacy.

AGREED:              YES              NO

10. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case. *See* Fed. R. Evid. 401, 403.

AGREED:              YES              NO

11. Any attempt to request Plaintiff's counsel to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury. *See* Fed. R. Evid. 401, 403, and 408.

AGREED:              YES              NO

12. Any evidence, statement, or argument that Plaintiff's attorney has a contingency fee in the suit. *See* Fed. R. Evid. 401, 403.

AGREED:              YES              NO

13. Any evidence, statement, or argument that Plaintiff received worker's compensation benefits at any time unless same is relevant to expose motive or bias. *See* Fed. R. Evid. 401, 403; *Guthrie v. J. C. Penney Co.,* 803 F.2d 202 (5th Cir. 1989).

AGREED:              YES              NO

14. Any evidence, statement, or argument that Plaintiff received free medical care, if any or may become entitled to free medical care or any other benefits. Fed. R. Evid. 401, 403; *Guthrie v. J.C. Penney Co.,* 803 F.2d 202 (5th Cir. 1989).

AGREED:              YES              NO

15. Any evidence of Plaintiff's employment records from any previous employer, other than dates of employment and rate of pay, and unless previously furnished per courts rules and orders. Fed. R. Civ. P. 26; Fed. R. Evid. 401, 403.

AGREED:              YES              NO

16. Any other reference to collateral sources, including, but not limited to, group medical insurance benefits, government benefits, loans by his attorney or payment of medical bills by his attorney. Fed. R. Evid. 401, 403; *Guthrie v. J.C. Penney Co.*, 803 F.2d 202 (5th Cir. 1989).

   AGREED:                YES                NO

17. Any evidence, statement, or argument that Plaintiff is/was involved in other lawsuits, if any. *See* Fed. R. Evid. 401, 403.

   AGREED:                YES                NO

18. Any evidence, statement, or argument about injuries Plaintiff suffered before the injuries received in this suit, if any. *See* Fed. R. Evid. 401, 403.

   AGREED:                YES                NO

19. Any evidence, statement, or argument that Plaintiff has been married, or not married to any individual other than his present wife, or had any children out of wedlock. *See* Fed. R. Evid. 401, 403; *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010).

   AGREED:                YES                NO

20. Any evidence, statement, or argument regarding the state or country where Plaintiff's children reside. Such matters are entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010)

   AGREED:                YES                NO

21. Any evidence, statement or argument that Plaintiff is a "transient worker." Such matters are entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See* Fed. R. Evid. 401, 403; *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010)

   AGREED:                YES                NO

22. Any evidence, statement or argument that Plaintiff may or may not return or may or may not have returned to Mexico at any time in the past or in the future. Such matters are entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See* Fed. R. Evid. 401, 403; *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010)

AGREED: YES NO

23. Any evidence, statement or argument regarding Plaintiff's nationality, country of origin, or immigration status. Such matters are entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See* Fed. R. Evid. 401, 403; *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010)

AGREED: YES NO

24. Any evidence, statement or argument regarding whether Plaintiff failed to comply with immigration laws, or any law, other than the applicable standard of care pertaining to the causes of action he is pursuing. Such matters are entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See* Fed. R. Evid. 401, 403; *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010)

AGREED: YES NO

25. Any evidence, statement, or argument upon Plaintiff's failure to call a witness. *See* Fed. R. Evid. 401, 403

AGREED: YES NO

26. Any evidence, statement, or argument regarding whether or not Plaintiff's medical expenses have been or will be reduced, written off or discounted. . *See* Fed. R. Evid. 401, 403; collateral source rule.

AGREED: YES NO

27. Any evidence, statement, argument, suggestion or reference that photographs produced by QSI reflect the actual condition of Tyson's Center Complex as of August 4, 2012 unless properly authenticated by a witness with knowledge of facts in support thereof. Fed. R. Evid. 901.

AGREED: YES NO

28. Any evidence, statement, argument, suggestion or reference that photographs produced by Defendants reflect the actual condition of Tyson's Center Complex as of August 4, 2012 unless properly authenticated by a witness with knowledge of facts in support thereof. Fed. R. Evid. 901.

AGREED: YES NO

29. Any evidence, statement, argument, suggestion or reference that QSI is an expert or sophisticated in the use of hoses, nozzles, or related equipment in use at Tyson's Center Complex as of August 4, 2012 as same is purely speculative. Fed. R. Evid. 401, 403, 702-704.

AGREED:          YES          NO

30. Any evidence, statement, argument, suggestion or reference to Plaintiff's employment or personnel file with QSI including, but not limited to, any reference to the name "Roel Pena" as same is entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See* Fed. R. Evid. 401, 403; *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010).

AGREED:          YES          NO

31. Any evidence, statement, argument, suggestion or reference to Plaintiff as "Roel Pena", that Plaintiff has gone by any other name than Vicente Camacho, or any attempt by counsel for Defendants or any of their witnesses to make comments such as "or whatever name you're going by now" or "whatever name you were going by then" when referring to Plaintiff, as same is entirely irrelevant and would only serve to unduly prejudice Plaintiff by introducing Plaintiff's immigration status into the case. *See* Fed. R. Evid. 401, 403; *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010).

AGREED:          YES          NO

## B. PRAYER

For these reasons, Plaintiff asks the Court to instruct Defendants and all counsel not to mention, refer to interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court, outside the presence and hearing of the jury, and to instruct defendants and all counsel to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,
**BADDERS LAW FIRM, P.C.**
4002 North Street
Nacogdoches, Texas 75965
936-564-6181 (Telephone)
936-564-8095 (Facsimile)

By:      /s/ Jeff B. Badders
**JEFF B. BADDERS**
State Bar No. 01496850
Badders@badderslaw.com

**J. CHAD PARKER, PLLC**
3808 Old Jacksonville Road
Tyler, Texas 75701
Telephone: 903-595-4541
Facsimile: 903-595-2864

By:      /s/ J. Chad Parker
**J. CHAD PARKER**
State Bar No. 00786153
cparker@theparkerfirm.net
**COUNSEL FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure, and the Local Rules of this Court on this 6th day of April, 2015.

     */s/ Jeff Badders*
**JEFF B. BADDERS**


### CERTIFICATE OF CONFERENCE

Due to the Court's deadline to file Motions in Limine, counsel for the parties has not yet had an opportunity to confer as required by Local Rule CV-7(h). However, the undersigned counsel will comply with the Court's requirement in the Docket Control Order that the parties meet and confer on their respective Motions *In Limine* and advise the Court of any agreements in this regard by 1:00 p.m. three business days before the pretrial conference.

     */s/ Jeff Badders*
**JEFF B. BADDERS**