IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VICENTE CAMACHO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-562-JRG |
| | § | |
| TYSON FOODS, INC. and | § | |
| TYSON FARMS, INC. | § | |

## PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW **VICENTE CAMACHO**, Plaintiff in the above-entitled and numbered cause, and files this his Motion for the Court to take Judicial Notice of the contents of Tyson's 10-K for year ending September 27, 2014 and would respectfully show the Court as follows:

### FACTS

Plaintiff's have pled gross negligence against Tyson Foods, Inc. and Tyson Farms, Inc. and assert that they are entitled to punitive damages as a result of such gross negligence. Tyson's net worth is relevant and admissible as it constitutes one factor the jury may consider in determining the amount of punitive damages to award in the event it finds Tyson Foods, Inc. and/or Tyson Farms, Inc. grossly negligent. *See* Tex. PJC 15.7C. Tyson files an annual 10-K report with the Securities & Exchange Commission ("SEC") that reflects, among other information, financial data representing its current net worth. That data may be found both on Tyson's website[1] and on the SEC website.[2] Full printouts of the relevant portions of Tyson's website and the SEC are attached hereto as Exhibit A and Exhibit B, respectively.

---

[1] http://ir.tyson.com/files/doc_financials/2014/TSN-FY14-10-K_v001_c2s3d9.pdf;

[2] http://www.sec.gov/Archives/edgar/data/100493/000010049314000220/tsn201410kq4.htm

## ARGUMENTS & AUTHORITIES

Fed. R. Evid. 201 provides for judicial notice of adjudicative facts. The kinds of facts that may be judicially noticed are those that are not subject to reasonable dispute because (1) it is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(a)-(b). The Court must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c). The court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d). The court must instruct the jury to accept the noticed fact as conclusive. Fed. R. Evid. 201(f).

The Fifth Circuit has determined that courts may take judicial notice of governmental websites. *See Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir.2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir.2005) (per curiam) (Fifth Circuit taking judicial notice of Texas agency's website); *Casterline v. Onewest Bank, F.S.B.*, 2012 WL 6630024 at * 2 (S.D. Tex. 2012, *aff'd*, 537 Fed.Appx. 314, 5th Cir. 2013)("governmental websites are proper sources for judicial notice."). This is consistent with holdings in other circuits. *See, e.g.*, *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir.2003) (taking judicial notice of information on official government website pursuant to Rule 201). Courts have found judicial notice proper for materials posted by third-parties on governmental websites, such as Securities and Exchange Commission filings by public corporations or Federal Deposit Insurance Corporation filings by banks or regulatory filings with state agencies, for the fact of their disclosure or statements they make or for their truth. *See, e.g., Jaimes v. JPMorgan Chas Bank, N.A.*, 2013 WL 677740 at *1 (N.D. Ill. 2013 (judicial notice of agreement between JPMorgan and FDIC publicly available on FDIC website); *Deutsche Bank Nat'l Trust Co. v. Adolfo*, 2013 WL 4552407 *2 at fn. 4 ("The FWP attached to Deutsche Bank's brief was filed with the SEC and . . . and we may take judicial notice of it. See FWP, available at [webpage

address]³"); *Lindsay v. Wells Fargo Bank. N.A.*, 2013 WL 5010977 at *3 (D. Mass 2013)("This court takes judicial notice of the prospectus which is located on the Securities and Exchange Commission's website"⁴). *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)(taking judicial notice of party admission in 10-K filed with the SEC).

Non-governmental websites have also been the subject of judicial notice where the website describes the financial conditions of the company. *See, e.g., Liberty Mut. Ins. Co. v. Consol. Elec. & Tech Assocs. Corp.*, 2007 WL 118938 * 3 at fn. 2 (taking judicial notice of libertymutual.com that represented financial information including representations about the consolidated assets and annual consolidated revenue of the company).

Judicial notice of the Tyson's 10-K filing with the SEC is proper be it either through the SEC website or the Tyson website. Similar to the cases cited above, the fact that such filing appears on the SEC website makes its accuracy readily determined and not subject to reasonable dispute. Tyson certainly would have no reason to dispute its contents given that the same such filing appears on its website and contains certifications from its officers that the report does not contain material misstatements of fact or fail to disclose material facts, otherwise complies with sections of the Securities & Exchange Act of 1934, and that the information contained in the report fairly represents the financial condition of Tyson. *See* Exh. A, Exh. 31.1-32.2 & B, Exh. 31.1-32.2. A comparison of the 10-K appearing on the Tyson website and the SEC website are identical. Furthermore, the websites containing the 10-K supply the Court with necessary information upon which to take judicial notice of the 10-K.

---

³ http://www.sec.gov/Archives/edgar/data/1385840/000091412107000058/0000914121–07–000058.txt.

⁴ http:// www.sec.gov/Archives/edgar/data/1381946/000114420406053059/v060506_424b5.htm;

## CONCLUSION & PRAYER

The 10-K filed by Tyson with the SEC for year ending September 27, 2014, is subject to judicial notice and Plaintiff prays that the Court judicially notice its contents and instruct the jury that the noticed facts contained therein regarding Tyson's net worth is conclusive on that fact.

Respectfully submitted,

**BADDERS LAW FIRM, P.C.**
4002 North Street
Nacogdoches, Texas 75965
936-564-6181 (Telephone)
936-564-8095 (Facsimile)

By: /s/ Jeff B. Badders
**JEFF B. BADDERS**
State Bar No. 01496850
Badders@badderslaw.com

**J. CHAD PARKER, PLLC**
3808 Old Jacksonville Road
Tyler, Texas 75701
Telephone: 903-595-4541
Facsimile: 903-595-2864

By: /s/ J. Chad Parker
**J. CHAD PARKER**
State Bar No. 00786153
cparker@theparkerfirm.net
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned counsel has complied with the "meet and confer" requirements of Local Rule CV(7)(h) and as of the date of filing, this Motion is opposed. Plaintiff's counsel, Chad Parker, and Tyson's counsel, Kevin Riley, had a phone conversation on April 8, 2015. Counsel discussed the respective merits of each party's positions in the matters contained in the motion and no agreement could be reached. Discussions conclusively ended in an impasse leaving any open issue for the Court to resolve.

*/s/ J. Chad Parker*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure, and the Local Rules of this Court on this 9th day of April, 2015.

*/s/ Jeff Badders*<br>**JEFF B. BADDERS**